FILED
MARIE HIRST COURT CLERK
CANADIAN COUNTY, OKLAHOMA

JAN 19 2021

BY_____
DEPUTY

IN THE DISTRICT COURT OF CANADIAN COUNTY
STATE OF OKLAHOMA

BRITANY MCDANIEL-YATES, )
)
Plaintiff. )
) Case No. CJ-2021-24
v. )
)
WALMART, INC. )
WAL-MART STORES EAST, LP )
)
Defendants. )

## PETITION

COMES NOW the Plaintiff, Britany McDaniel-Yates (hereinafter "Plaintiff"), and for her causes of action against Defendants Walmart Inc. (hereinafter "Defendant Walmart") and Wal-Mart Stores East, LP ("hereinafter "Defendant LP") (collectively "Defendants") alleges and states as follows:

### FIRST CAUSE OF ACTION: NEGLIGENCE

1. Plaintiff is a resident of Canadian County, State of Oklahoma.

2. Upon information and belief, Defendant Walmart, Inc. is a foreign corporation and Wal-Mart Stores East, LP is a foreign limited partnership that regularly transact business in the State of Oklahoma.

3. Each Defendant can be served upon its registered agent, the Corporation Company, located at 1833 S. Morgan Road, Oklahoma City, Oklahoma 73128.

4. Upon information and belief, Defendants operate Wal-Mart Store #517, located at 951 E. State Highway 152, Mustang, Oklahoma 73064.

5. This action arises out of a slip and fall incident that occurred at that location on or about July 28, 2019. Therefore, venue and jurisdiction lie with this Court.

EXHIBIT 2

CASE ASSIGNED TO:

JUDGE: JACK D. MCCURDY II

6. On or about July 28, 2019, Plaintiff, was an invitee on the premises of the Defendants, specifically, Store #517 having gone to Defendant's property to purchase goods.

7. That on or about July 28, 2019, the Defendants, by and through their agents, employees, and/or servants, negligently caused serious injuries to Plaintiff.

8. Unbeknownst to Plaintiff, Defendants had allowed a clear substance to accumulate on the floor between the checkout and store's exit.

9. That on or about July 28, 2019, Plaintiff was near the front of the store where she checked out at the self-checkout before proceeding to the store's exit. Before reaching the exit, Plaintiff slipped on the accumulated substance.

10. The clear substance was not readily apparent to Plaintiff and created a hidden trap, snare or pitfall to Defendants' customers, especially Plaintiff.

11. Defendants, by and through their agents, employees, and/or servants, negligently failed to maintain safe premises and to ensure it was safe for ingress and egress of invitees and created a dangerous condition which was unknown to Plaintiff. Said failure to maintain safe premises was negligent and a breach of duty owed to Plaintiff.

12. Defendants, by and through their agents, employees, and/or servants, negligently failed to warn Plaintiff of the existence of the accumulated substance on the floor and said failure to warn was negligent and a breach of the duty owed to Plaintiff.

13. Defendants were negligent in failing to remedy a known dangerous condition, to wit: allowing the clear substance to accumulate on the floor. Said failure to remedy was negligent and a breach of duty owed to Plaintiff.

14. Defendants are responsible for safety of its premises and the safety of its customers.

15. Defendants breached their duty to the Plaintiff to warn of dangers, maintain safe premises, remedying known dangerous conditions and otherwise prevent harm to Plaintiff.

16. Plaintiff's injuries are the direct and proximate result of the negligence of the Defendants.

17. As a direct and proximate result of the negligence of the Defendants, the Plaintiff has sustained serious bodily injuries, has incurred and will likely incur future medical expenses, has incurred loss of wages, and has endured tremendous pain and suffering all in an amount in excess of $75,000.00.

## SECOND CAUSE OF ACTION: RESPONDEAT SUPERIOR/VICARIOUS LIABILITY

For her second claim, Plaintiff re-alleges and incorporates by reference the foregoing paragraphs and states:

18. At all relevant times mentioned all employees and agents for Defendants, were acting within the course and scope of their employment and/or on behalf of Defendants.

19. Defendants are responsible for the actions of its agents, employees, and/or servants during the scope of their employment.

20. As a direct and proximate result of the actions of the Defendants, Plaintiff suffered injuries in an amount in excess of $75,000.00.

## THIRD CAUSE OF ACTION: NEGLIGENT HIRING/SUPERVISION

For her third claim, Plaintiff re-alleges and incorporates by reference the foregoing paragraphs and states:

21. Defendants, had a duty to hire and supervise its employees in a manner calculated to prevent harm to Plaintiff.

22. That by failing to adequately hire and supervise its employees, Defendants breached their duty to Plaintiff.

23. That as a direct and proximate result of the actions of the Defendants, Plaintiff suffered injuries in an amount in excess of $75,000.00.

## FOURTH CAUSE OF ACTION: NEGLIGENT TRAINING

For her fourth claim, Plaintiff re-alleges and incorporates by reference the foregoing paragraphs and states:

24. Defendants had a duty to train their employees in a manner calculated to prevent harm to Plaintiff.

25. That by failing to adequately train its employees, Defendants breached their duty to Plaintiff.

26. As a direct and proximate result of the actions of the Defendants, Plaintiff suffered injuries in an amount in excess of $75,000.00.

## FIFTH CAUSE OF ACTION: PUNITIVE DAMGES

For her fifth claim, Plaintiff re-alleges and incorporates by reference the foregoing paragraphs and states:

27. The actions of Defendants demonstrate not only a willful violation of state statutes, but a reckless indifference or disregard for the safety of others, as well as a wanton lack of care that raises the presumption of willful and conscious indifference to the consequences of their acts.

28. Where a tortfeasor demonstrates a willful violation of laws enacted to protect members of the public, shows reckless indifference to the probable outcome of the acts which caused the serious injury or death of a person, or shows a conscious indifference to the consequences of the acts which caused the serious injury or death of a person, the imposition of punitive damages is warranted.

29. Plaintiff herein is entitled to punitive damages for the reckless, wanton and deliberate indifferent violations of state laws which were the direct and proximate cause of the Plaintiff's injuries and damages.

30. Plaintiff herein is entitled to punitive damages for the Defendants' conscious indifference to the negligent acts committed by Defendants and the deliberate indifference to the consequences of

its negligence, which was the direct and proximate cause of Plaintiff's injuries and damages incurred.

31. That as a direct and proximate result of the actions of the Defendants, Plaintiff suffered injuries as described above.

32. Pursuant to the provisions of 12 O.S. §3226(B)(2), Plaintiff submits this preliminary computation of damages sought in this lawsuit. As this is an action for injuries suffered by an adult, Plaintiff advises that all damages recoverable by law are sought, including those listed in OUJI 4.1. Plaintiff is unable to guess or speculate as to what amount of damages a jury might award. The elements for the jury to consider in this case include the following:

    a.      Plaintiff's physical pain and suffering, past and future;

    b.      Plaintiff's mental pain and suffering, past and future;

    c.      Plaintiff's age;

    d.      Plaintiff's physical condition immediately before and after the accident;

    e.      The nature and extent of Plaintiff's injuries;

    f.      Whether the injuries are permanent;

    g.      The physical impairment;

    h.      The disfigurement;

    i.      Loss of earnings;

    j.      Impairment of earning capacity;

    k.      The reasonable expenses of the necessary medical care, treatment, and services, past and future.

WHEREFORE, the Plaintiff, Britany McDaniel-Yates, prays for judgment against the Defendants, for actual damages and punitive damages in excess of $75,000.00, together with

interest, along with her costs, expenses, attorney fees and all other relief the Court deems just and equitable.

Respectfully submitted,

Michael D. Denton, Jr., OBA #13939
Austin C. Walters, OBA # 33363
DENTON LAW FIRM
925 West State Highway 152
Mustang, Oklahoma  73064
Telephone:	(405) 376-2212
Facsimile:	(405) 376-2262
*michael@dentonlawfirm.com*
*austin@dentonlawfirm.com*
ATTORNEYS FOR PLAINTIFF

**JURY TRIAL DEMANDED**
**ATTORNEY LIEN CLAIMED**